UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|   |   |   |
|---|---|---|
| IN RE: GREGORY A. HOWARD | ) ) ) | No. 2:13-mc-54-JHR |

MEMORANDUM DECISION ON CROSS-MOTIONS TO QUASH AND TO COMPEL

Gregory A. Howard, a resident of Maine, moves to quash a subpoena served upon him by Millennium Laboratories, Inc., the defendant in a case now pending in the United States District Court for the District of Arizona entitled *Kelly Nelson v. Millennium Laboratories, Inc., et al.*, No. 2:12-cv- 01301-SLG.  ECF No. 1.  Millennium moves in turn to compel Howard to respond. ECF No. 4.[1]  For the reasons that follow, I grant Howard's motion to quash and deny Millennium's motion to compel.

In the Arizona action, the plaintiff, Kelly Nelson, alleges age and sex discrimination, sexual harassment, retaliation, slander, libel, and other state-law claims against Millennium, her former employer, one named individual defendant, and 10 John Doe defendants.  ECF No. 1-4. The subpoena at issue seeks the production of eight categories of documents, some with multiple subparts, following two pages of definitions and one page of instructions.  Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Howard Subpoena") (ECF No. 1-2).

The parties apparently agree that Howard is an employee of Conover & Company Communications, Inc.  Memorandum in Support of the Motion to Quash Defendants' Subpoena

---

[1] Millennium has requested oral argument on the motions.  Millennium Laboratories, Inc.'s Cross-Motion to Compel Production (ECF No. 4) at 2.  Because I have the benefit of a transcript of the oral argument held in the District of Massachusetts on April 24, 2013, on essentially identical motions and subpoena, the request is denied.

to Gregory A. Howard or For a Protective Order ("Howard Motion") (ECF No. 1-1) at 2; Millennium Laboratories, Inc.'s Memorandum of Law (i) In Opposition to Motion to Quash Defendants' Subpoena to Gregory A. Howard or for a Protective Order and (ii) In Support of its Cross-Motion to Compel Production ("Millennium Motion") (ECF No. 5) at 1.  They also agree that Conover's communication with Nelson "resulted in" a Reuters article about the investigation of Millennium by the Justice Department.  Howard Motion at 1; Millennium Motion at 1.  Millennium says that Howard "spearheaded" the article.  Millennium Motion at 1.

That article included the following reference to Nelson's lawsuit:

> Kelly Nelson, a former regional sales manager for Millennium, and Strain both said they testified to the grand jury in response to questions about a federal anti-kickback law.  They said Millennium gave doctors free boxes of collection cups with embedded test strips – worth $3 to $6 per cup – to encourage referrals, which the prosecutor questioned under an anti-kickback measure called the Stark Law.
>
> "I told the grand jury I objected to the frequency of testing and the free cups," Nelson said.  She said she was fired after complaining about the practices and is suing the company.

"Exclusive: U.S. drug testing firm probed for alleged fraud, intimidation," ECF No. 1-5, at 5.

Millennium has served a nearly identical subpoena of nearly identical date on Conover in Massachusetts.  ECF No. 1-3.  The only difference between the two subpoenas is the definition of "YOU" and "YOUR," in each case being specific to Howard or to Conover.  Exhibit A to Howard Subpoena, Definitions I.A; Exhibit B to Howard Motion (Exh. 1-3) at Exhibit A, Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Millennium Subpoena"), at Definitions I.A.  Similar motions to quash and to compel were filed in the United States District Court for the District of Massachusetts.  Transcript of Hearing on [1] Motion to Quash of Conover & Company Communications, Inc.; [8] Millennium Laboratories, Inc.'s Cross-Motion to Compel Production; and [15] Millennium

Laboratories, Inc.'s Motion for Leave to File Reply in Further Support of Its Cross-Motion to Compel Production ("Massachusetts Transcript") (ECF No. 9-2) at [4].

After hearing oral argument on April 24, 2013, on the motions in the District of Massachusetts, United States Magistrate Judge Bowler granted Conover's motion to quash and denied Millennium's cross-motion to compel from the bench, stating to counsel for Millennium, "it seems to me you have other mechanisms to get [the information you seek via the subpoena]." *Id*. at [16]. Millennium proffers only one reason why the outcome should be different here: Howard is a "unique repository" of the documents it seeks. Millennium Laboratories, Inc.'s Reply in Further Support of Its Cross-Motion to Compel Production (ECF No. 10) at 5.

This argument is based on Millennium's assertion that "the documents Millennium seeks are not available from anyone but Howard." *Id*. at 4.[2] However, this assertion is in turn based on factual statements for which no evidentiary support is provided: that "Howard has his own internal files concerning his interaction with Nelson, likely including notes evidencing his conversations with Nelson"; and that "emails between Howard and other Conover employees concerning Nelson or Millennium undoubtedly exist, and are available only from Howard[.]" *Id*.[3] I note also that Howard's supposed emails or other documents, to the extent restricted to Millennium, may not meet basic discovery relevance requirements with respect to Nelson's action against Millennium, the matter here at issue.

---

[2] Millennium certainly thought that these documents were available from Conover as well when it moved to compel in Massachusetts; it simply did not succeed in its attempt to obtain them from that source.
[3] Millennium's assertion that it is likely that Nelson is "working together with" other entities against Millennium, Millennium Reply at 3 n.3, for which some evidentiary support is proffered, could only be relevant in the case underlying the subpoena at issue, at most, to Nelson's credibility. *See generally United States v. Cherry*, 876 F. Supp. 547, 553 (S.D.N.Y. 1995). In addition, Millennium has made no attempt to show that it cannot obtain any documents likely to show Nelson's collusion with its adversary Ameritox through discovery in the action currently pending between Millennium and Ameritox. Millennium Motion at 2-3. Millennium's preoccupation with Ameritox in its written submissions to this court in connection with the subpoena served on Howard raises the possibility that it seeks to use the subpoena as a "back door" route of discovery against Ameritox.

In short, Millennium has not distinguished its virtually identical Massachusetts subpoena and Judge Bowler's opinion declining to enforce it, so as to convince me that a different outcome is required here.

## Conclusion

For the foregoing reasons, the motion to quash is **GRANTED**, and the motion to compel is **DENIED**.  Under these circumstances, Millennium is not entitled to the attorney fees and costs that it seeks.  Millennium Motion at 10.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this decision within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this decision.*

Dated this 16th day of May, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

4